IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUSSELL HALEY                                                    PETITIONER

VS.                                    CIVIL ACTION NO. 3:22-cv-37-DPJ-FKB

FRANKLIN BREWER                                              RESPONDENT

## REPORT AND RECOMMENDATION

Russell Haley entered a plea of guilty in the Circuit Court of Warren County,

Mississippi, to one count of child exploitation.  By order entered June 30, 2017, he was

sentenced to a term of 40 years, with 30 years suspended and ten years to serve.  He

now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

alleging that his guilty plea was involuntary.  Respondent has filed a motion to dismiss

the petition as untimely.  [7].  Having considered the motion, Haley's response, and the

reply, the undersigned recommends that the motion be granted and the petition

dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. §

2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Haley's conviction became final on June 30, 2017, and his one-year limitations period began to run that day.  He had one year from that date, or until July 2, 2018, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court.[1]

Wilson filed no state PCR motion prior to July 2, 2018. Instead, on or about June 14, 2018, Haley filed in this court a petition for habeas relief pursuant to § 2254.  *Haley v. State*, No. 3:18-cv-407-CWR-RHW, ECF No. 1.  The petition was received and file-stamped by the Clerk on June 21, 2018.  *Id.*  On July 24, 2018, the Court entered an order directing Haley to provide information as to whether he had properly exhausted his claims in state court.  *Id.*, ECF No. 4.  Haley responded on August 6, 2018, by stating that he had not appealed his conviction because Mississippi law did not allow for

---

[1] June 30, 2018, fell on a Saturday. Therefore, Haley's petition was due on the first business day thereafter, July 2, 2018.

appeal from a guilty plea.  *Id.*, ECF No. 5.  On August 17, 2018, the Court dismissed the petition without prejudice for failure to exhaust.  *Id.*, ECF Nos. 7 and 9.

Haley finally filed a state PCR motion on April 12, 2019.  [8-2] at 4.  The state trial court denied relief on January 15, 2020.  [8-2] at 181.  The Mississippi Court of Appeals affirmed on July 20, 2021.  *Haley v. State,* 331 So. 3d 36 (Miss. Ct. App. 2021).  Haley filed the present petition on or after January 26, 2022.[2]

In his response to the motion to dismiss, Haley does not dispute that his petition is untimely.  Instead, he argues that his petition should be deemed timely because limited access to the law library and legal assistance prevented his filing of his state PCR motion during the one-year period following his conviction.  He points out that he was in the "hole" for 21 days and was unable during this time to do any legal work. During his time in quick bed classification at Central Mississippi Correctional Facility, from August to October of 2017, he was without a case manager.  In October of 2017, he was transferred to South Mississippi Correctional Institution, where he was hindered by the lack of library access, the three-to-seven-day delay in receiving copies of cases through ILAP, and the rule that limited him to requesting only ten cases per week. Haley was transferred to Stone County Regional Correctional Facility in March of 2018. There, legal work became even more difficult, as he had to mail in request forms for cases, with cases sometimes not arriving for two weeks.  Because of these difficulties,

---

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Haley's petition was signed on January 26, 2022, and it was file-stamped by this court on January 28, 2022.

Haley sought outside assistance with his preparation of his PCR application. However, when the proposed application arrived in March of 2018, it was unacceptable and needed revisions. In June of 2018, having failed to complete his PCR application, he filed his prior federal petition in an attempt to protect his rights and toll the one-year limitations period.

Under § 2244(d)(1)(B), the one-year limitations period may be tolled if a state-created impediment prevents the filing of a timely habeas petition. Such an impediment may, in a rare case, be caused by inadequacies in a law library or legal assistance. *See Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003) (holding that prison's failure to provide a copy of AEDPA to inmate constituted a state-created impediment under § 2244(d)(2)(B)). However, to prevail in such a case, the petitioner must go further than merely alleging general inadequacies or problems. Rather, he must demonstrate "that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in the original). Haley cannot make the necessary showing: Not only was he not prevented from filing a timely petition, he did in fact file one, albeit an unexhausted one.

Haley's other possible route around the time bar is equitable tolling. To establish entitlement to equitable tolling, Haley must show that despite diligent pursuit ofhis rights, some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Haley's first argument for equitable tolling is essentially that he was unable to file a timely and exhausted federal petition because circumstances out of his control prevented the filing of a state PCR motion prior to the

expiration of his one-year federal limitations period.  But during this same period, Haley managed to file a federal petition.  And while the PCR application and accompanying memorandum were more detailed than Haley's prior federal petition, the prior habeas petition nevertheless set forth the relevant facts concerning his claim that his guilty plea was involuntary.  He has failed to explain satisfactorily why he was unable to file a state PCR application attacking his guilty plea within the one-year period when he obviously was able to file, within that same period, a federal petition challenging the voluntariness of his plea.[3]

Next, Haley contends that equitable tolling applies because the Court's failure to mention the timeliness issue in its order dismissing the prior petition misled him into believing that he had additional time in which to file another petition. However, Haley cannot show that his reliance upon the Court's order interfered in any way with timely filing, because by the time the order was entered, Haley's one-year period had already expired.

Finally, Haley states that by filing his first § 2254 petition he had intended to toll the statutory period.  However, the filing of a federal petition does not toll the limitations period of § 2244(d).  *Duncan v. Walker*, 533 U.S. 167, 181 (2001).  He also contends that the Court erred by failing to use the stay-and-abate endorsed in *Rhines v. Webe*r, 544 U.S. 269 (2005).  However, a requirement for the *Rhines* procedure is a showing of

---

[3] Furthermore, the Fifth Circuit has held that the inability to obtain research materials, an inadequate law library, or ignorance of the law are not "rare and exceptional" circumstances that warrant equitable tolling of the AEDPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

good cause for failure to exhaust.  *Id.* at 277.  In his previous case, Haley failed to offer

any legitimate reason for having failed to exhaust his claims, so there was no basis for

the court to stay and abate his petition.  Moreover, the Fifth Circuit has recently held

that equitable tolling was not warranted where a prior, timely federal petition had been

dismissed for failure to exhaust, rather than stayed.  *See Jones v. Lumpkin*, 22 F.4th

486, 491-92 (5th Cir. 2022).

Haley's petition is untimely, and he has failed to establish any basis for tolling.

For these reasons, the undersigned recommends that the motion to dismiss be granted

and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the

proposed findings, conclusions, and recommendation within fourteen (14) days after

being served with a copy[4] shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions accepted by the

district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services*

*Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of June, 2022.

s/ F. Keith Ball
United States Magistrate Judge

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).