UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUSSELL HALEY                                                                                               PETITIONER

V.                                                                         CIVIL ACTION NO. 3:22-CV-37-DPJ-FKB

FRANKLIN BREWER                                                                                       RESPONDENT

ORDER

On January 28, 2022, Petitioner Russell Haley filed this § 2254 habeas case challenging his 2017 child-exploitation conviction in Warren County Circuit Court. Respondent moved to dismiss, arguing that Haley's habeas claims are time barred. On June 1, 2022, United States Magistrate Judge F. Keith Ball entered a Report and Recommendation (R&R) [17] recommending that the Court grant Respondent's motion and dismiss Haley's claims with prejudice as untimely. Although Haley filed Objections [18] to the R&R, the Court finds that it should be adopted.

I.      Facts and Procedural History

Haley entered a guilty plea in state court and was then sentenced on June 30, 2017, to a 40-year term of incarceration, with 30 years suspended and 10 years to serve. Haley's first challenge to his conviction was a June 14, 2018 habeas petition filed in this Court. *Haley v. State*, No. 3:18-CV-407-CWR-RHW. On August 17, 2018, the Court dismissed that petition without prejudice for failure to exhaust. Haley did not appeal.

On April 12, 2019, Haley filed a state motion for post-conviction relief (PCR). The trial court denied relief on January 15, 2020, and the Mississippi Court of Appeals affirmed on July 20, 2021. *Haley v. State*, 331 So. 3d 36 (Miss. Ct. App. 2021). Haley then filed this Petition on January 26, 2022.

II.     Standard

Title 18 U.S.C. § 636(b)(1) governs the disposition of R&Rs.  It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made."  *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

III.    Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for habeas petitions under § 2254.  28 U.S.C. § 2244(d)(1).  The one-year period begins on

> the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  Finally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d).]"  *Id.* § 2244(d)(2).

Haley's judgment became final when entered by the state trial court on June 30, 2017, because Mississippi does not permit a direct appeal following a guilty plea.  *Green v. Banks*, No. 1:18-CV-180-HSO-LRA, 2019 WL 1167809, at *3 (S.D. Miss. Mar. 13, 2019) (citing Miss.

2

Code Ann. § 99-35-101). Haley therefore had until Monday, July 2, 2018, to file a proper federal habeas petition. He filed this petition January 26, 2022, making it untimely unless Haley is entitled to statutory or equitable tolling. Judge Ball concluded that he is not.

In his objections to that conclusion, Haley does not seem to suggest that he is entitled to any tolling for a period during which a properly filed PCR motion was pending in state court; nor could he. By the time he filed a PCR motion in state court, his AEDPA statute of limitations had long since expired. He contests Judge Ball's resolution of his claims to statutory and equitable tolling. The Court will consider each objection in turn.

First, Haley says he was entitled to statutory tolling under § 2244(d)(1)(B) due to "inadequacies in the Inmate Legal Assistance Program." Obj. [18] at 3. "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "[A]n inadequate prison law library may constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." *Id.* at 439. But to prevail on this theory of statutory tolling, the inmate must "show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Judge Ball concluded that Haley's allegations regarding his lack of access to legal materials at times and the limitations placed on his ability to conduct legal research when he had access did not demonstrate that his access to legal materials *prevented* him from timely fling a habeas petition, given that he timely filed his first habeas petition in 2018.

Haley says that *Krause* is factually distinguishable and that he has "demonstrated numerous reasons why the delays in the ILAP system impeded [his] efforts to file a meaningful

3

petition in a timely manner." Obj. [18] at 4. But he can't escape the fact that he *did* timely file a habeas petition that was ultimately dismissed for failure to exhaust. Haley has not demonstrated a basis for statutory tolling.

Haley's remaining arguments seek equitable tolling of his AEDPA statute of limitations. "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). It "is warranted in only 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "It is appropriate where the petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Finally, it "applies principally where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Id.*

Haley's first argument for equitable tolling is that circumstances out of his control prevented him from filing a "meaningful" state PCR motion before his AEDPA statute of limitations expired. Obj. [18] at 5. To the extent that those circumstances involved alleged issues with access to legal materials, the Fifth Circuit has held that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (citing *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000)). And Haley's factual argument that he was unable to file a state PCR motion before his time to seek federal habeas relief expired is undercut by the fact that he filed a timely federal habeas petition.

4

Haley's next argument centers on the filing of his earlier petition. He argues that Judge Reeves should have seen that petition for what it was—"a protective motion"—and stayed the case pending exhaustion, rather than dismiss it. Obj. [18] at 5. But Haley admits that he "failed to specifically include in the June 14, 2018 filing, a statement that [he] was seeking a stay & abey [sic]" order. Resp. [12] at 3. Had he so moved, the decision whether to grant a stay would have been within Judge Reeves's discretion. *Young v. Stephens*, 795 F.3d 484, 495 (5th Cir. 2015). Haley neither appealed Judge Reeves's dismissal of his timely, unexhausted first petition, nor sought to reopen that case following exhaustion.[1] This Court cannot now alter Judge Reeves's disposition of the 2018 petition.

Next, Haley objects that the R&R "afforded no consideration to the issue of whether [he] exercised reasonable diligence." Obj. [18] at 6. But the test for equitable tolling requires Haley to prove both diligence and an extraordinary circumstance that prevented him from timely filing. Judge Ball concluded that Haley failed to prove the latter, so he did not need to address the former.

Haley next faults Judge Ball for not considering "whether equitable tolling was warranted for the time [he] was 'in the hole', or in quick-bed, or whether the failures by Operation Hope warranted tolling." Obj. [18] at 6. Starting with the first two time periods, Haley's response to

---

[1] Haley cites a Nevada district court case outlining that district's procedure when a habeas petition including both exhausted and unexhausted claims is filed:

> upon the petitioner's election, a mixed petition is dismissed and the case closed without entry of judgment and with leave to reopen in order to permit petitioner to exhaust state court remedies. The Court permits reopening of the action without any penalty to the petitioner as to the statute of limitations and the new action relates back to the original filing date.

*Riner v. Crawford*, 415 F. Supp. 2d 1207, 1209 n.1 (D. Nev. 2006) (cited in Resp. [12] at 4). This Court has not adopted a similar procedure; if it had, Haley's first petition would not have qualified for it because it did not contain *any* exhausted claims.

the motion to dismiss indicates that he was "in the hole with no access to anything at all" for 21 days and spent another three months "in 'quick-bed' classification," during which time he "was denied the right to any case manager services." Resp. [12] at 5. Assuming equitable tolling applied to those periods, this additional equitable tolling would have bought Haley only until October 24, 2018, to file his petition.

Haley explains that he "learned of Operation Help,[2] a charitable organization consisting of a group of paralegals working under various attorneys, and [they] agreed to write up a PCR motion for [him] for a small fee to cover expenses, so [he] decided to engage their services." *Id.* at 6. He says they never delivered a useable PCR motion to him and argues that "the time between [his] arrival at SCMI in October 2017 and [his] last phone attempt to Operation Help in July 2018" should be eligible for equitable tolling. *Id.* Here again, even if the Court credits Haley with equitable tolling from October 1, 2017 through July 31, 2018—303 days—a timely § 2254 petition would have been due on or before August 23, 2019. So his Petition would have still been filed more than two years too late.

Finally, Haley objects that Judge Ball did not "address [his] request for counsel for the purpose of preparing and presenting a case for equitable tolling." Obj. [18] at 7. Under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, if the Court decides "an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." The Court has not found an evidentiary hearing is warranted, so Haley's request for counsel may be granted if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). "Whether the interests of justice require the appointment of counsel depend in large part on the merits of the motion, the

---

[2] Haley mentions "Operation Help" and Operation Hope" in his objections.

6

complexity of the legal and factual arguments raised by the petitioner's motion, and the capabilities of the petitioner." *United States v. Declout*, No. 07-198, 2020 WL 708137, at *1 (E.D. La. Feb. 12, 2020). Appointment of counsel under § 3006A "is discretionary." *Robinson v. Scott*, No. 93-2551, 1995 WL 136423, at *2 (5th Cir. Mar. 15, 1995).

The Court concludes that the interests of justice do not require the appointment of counsel in this case. The legal and factual arguments Haley has raised regarding the timeliness of his Petition are not complex, and his filings show him to be capable of presenting his position without the assistance of counsel.

IV.   Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. As stated, the Report and Recommendation [17] is adopted as the Court's opinion. Respondent's Motion to Dismiss [7] is granted; the Petition is dismissed with prejudice as untimely. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE