UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUSSELL HALEY                                                                                    PETITIONER

V.                                                      CIVIL ACTION NO. 3:22-CV-37-DPJ-FKB

FRANLKIN BREWER                                                                           RESPONDENT

ORDER

Petitioner Russell Haley asks the Court to reconsider its dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Mot. [26]. As explained below, Haley's motion is denied.

I.      Facts and Procedural History

Haley entered a guilty plea in state court and was sentenced on June 30, 2017, to a 40-year term of incarceration, with 30 years suspended and 10 years to serve. Haley's first challenge to that conviction was a June 14, 2018 habeas petition filed in this Court. *Haley v. State*, No. 3:18-CV-407-CWR-RHW. On August 17, 2018, Judge Reeves dismissed that case without prejudice for failure to exhaust. Haley neither sought reconsideration nor appealed.

On April 12, 2019, Haley filed a state motion for post-conviction relief. The trial court denied relief on January 15, 2020, and the Mississippi Court of Appeals affirmed on July 20, 2023. *Haley v. State*, 331 So. 3d 36 (Miss. Ct. App. 2021). Haley filed this case on January 26, 2022. On June 1, 2022, United States Magistrate Judge F. Keith Ball recommended that the petition be dismissed as untimely. The Court adopted Judge Ball's recommendation on June 27, 2022, dismissed the case with prejudice, and denied a certificate of appealability.

Haley appealed, and on December 29, 2022, the United States Court of Appeals for the Fifth Circuit denied Haley's motion for a certificate of appealability. More than four months

later, on May 3, 2023, Haley filed the instant motion for relief from denial of habeas corpus petition. Defendant responded in opposition, and Haley filed a reply.

II.     Standards

Haley's motion invokes Federal Rule of Civil Procedure 60(b) and (d). The pertinent provisions of Rule 60 provide:

> (b)  Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) the judgment is void;
>
> . . . or
>
> (6) any other reason that justifies relief.
>
> . . . .
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> . . . entertain an independent action to relieve a party from a judgment, order, or proceeding[.]

Fed. R. Civ. P. 60. Relief under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *Ferrara v. Wallace*, No. 22-51099, 2023 WL 3151129, at * 1 (5th Cir. Apr. 28, 2023) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)). To obtain relief under Rule 60(d)'s independent-action doctrine, a movant must show:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Hess*, 281 F.3d at 217 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970)).

III.     Analysis

    Haley says these are the issues:

    A) Whether the court erred in ruling that "This court cannot now alter Judge Reeve[s]'s disposition of the 2018 petition."?

    B) Whether the court erred in denying my claim that inadequacies in the ILAP constituted a state-created impediment that would statutorily toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(B)?

    C) Whether the court erred in holding that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling."?

    D) Whether the court should have considered (1) the time I spent in the hole, (2) my time in quick-bed, and (3) failures of Operation Help?

    E) Whether the court erred in its denial of COA?

Mot. [26] at 3. But "[t]he crux of [his] argument" is that Judge Reeves should have treated the 2018 petition as a protective habeas petition and stayed his first habeas case pending exhaustion rather than dismiss it. *Id.* at 5.

> Such stays are available under limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to state courts, stay and abeyance is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269[, 277] (2005).

*Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005).

    Assuming Haley demonstrated good cause for a *Rhines* stay before Judge Reeves, he has not shown that this Court erred in concluding that it lacked the ability to "alter Judge Reeves's disposition of the 2018 petition." Order [20] at 5. And while Haley now invokes Rule 60(d), his earlier filings in this case did not indicate he was pursuing the independent-action doctrine. Even if they had, Haley has not demonstrated all the elements set forth in *Hess* are present. 281 F.3d

3

at 217.  Simply put, he has not shown that the Court could—or should—have transformed Judge Reeves's dismissal without prejudice into a *Rhines* stay.[1]

As to Haley's remaining arguments, he has not convinced the Court that it erred in its resolution of his claims to statutory or equitable tolling of the federal habeas statute of limitations, much less that his case presents the sort of "extraordinary circumstances" required to justify relief under Rule 60(b)(6).  *Ferrara*, 2023 WL 3151129, at * 1 (quoting *Hess*, 281 F.3d at 216); *see Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (noting that Rule 60(b)(6) "extraordinary circumstances . . . will rarely occur in the habeas context").

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Haley's motion to reconsider [26] is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2023.

                                                    s/ *Daniel P. Jordan III*
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Haley says he was denied due process in his earlier habeas case, thus entitling him to relief in this case under Rule 60(b)(4).  Here again, even if Haley is right that Judge Reeves's judgment was entered in violation of his due-process rights, he has provided no authority to suggest that this Court can remedy that violation in this case.  If Haley wants to seek relief from Judge Reeves's judgment under Rule 60(b)(4), he needs to file a motion in Judge Reeves's case.